UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION (LEXINGTON)
CIVIL ACTION NO. 5:16-cv-00140-DCR
*ELECTONICALLY FILED*

FATIMA WARREN                                                    PLAINTIFF

vs.         **JOINT MOTION AND SUPPORTING MEMORANDUM FOR**
             **DISMISSAL AND PARTIAL DISMISSAL**

LEXINGTON-FAYETTE URBAN COUNTY            DEFENDANTS
GOVERNMENT POLICE DEPARTMENT, *et al.*

\*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

Defendants Lexington-Fayette Urban County Government (LFUCG) Police Department ("LFUCG Division of Police") the City of Lexington, and LFUCG Division of Police Officers Tyler Chelf (Officer Chelf) and Brian Voll (Officer Voll), in their official capacity, respectfully move for dismissal. As grounds for this motion, the LFUCG Division of Police and the City of Lexington submit that neither is a properly suable entity as named in the Complaint. Officer Chelf and Officer Voll state that the Complaint fails to state a valid claim for relief against them in their official capacity.

In addition, Officer Voll in his individual capacity moves for dismissal as a defendant because the Complaint contains insufficient factual allegations to allow this action to proceed against him. Finally, Officer Chelf in his individual capacity moves for dismissal of all federal claims not asserted under the Fourth Amendment, as well as dismissal of Plaintiff's state law claims for false arrest, IIED, and negligence. Officer Voll joins in Officer Chelf's motion in this regard in the event his motion for complete dismissal as a defendant is denied.

STATEMENT OF FACTS

This action asserts federal civil rights and state common law tort claims arising from Plaintiff's arrest on November 21, 2015, by a sworn employee of the LFUCG Division of Police (Officer Chelf). [RE 1, Complaint, Statement pf Facts, paras. 14-34., pp. ID ## 5-8].   The Complaint seeks recovery from the governmental entity defendants on the following claims: (i) municipal liability [RE 1, Count I, para. 44, p. ID # 10];  (ii) IIED [RE 1, Count VI, para. 61, p. ID # 13]; (iii)  negligent hiring [RE 1, Count VIII, para. 68, p. ID # 14]; (iv) negligent infliction of emotional distress [RE 1, Count IX, para. 77, page ID # 15]; (v) negligent supervision [RE 1, Count X, para. 77, p. ID # 15]; (vi) respondeat superior [RE 1, Count XI, para. 82, p. ID # 16]; and (vii) punitive damages [RE 1, Count X(sic), para. 91, p. ID # 18].  All counts of the Complaint with the exception of Counts IV (assault) and V (battery) appear to pertain to Officers Chelf and Voll with the exception of the hiring and supervision claims noted above.

ARGUMENT

A.  Rule 12(b)(6) Standard

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), FRCP, a court must accept as true the allegations made in the complaint and construe the allegations in the Plaintiffs' favor. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-2 (6th Cir. 1987).  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 677-8 (2009).  Consistent with this proposition, a complaint must be dismissed unless it contains sufficient facts to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

B. LFUCG Police Department and City Of Lexington Must Be Dismissed

The Complaint seeks recovery against the "LFUCG Police Department" and the "City of Lexington." [RE 1, paras. 3, 4, P. id ## 3-4]. The City of Lexington does not exist as an independent legal entity following its merger with Fayette County. See Holsclaw v. Stephens, 507 S.W.2d 462 (Ky. 1974). Accordingly, Lexington is not a proper defendant in this civil action. Likewise, the LFUCG Police Department is not an independent suable entity that exists apart from the LFUCG. See Wheeler v. Kirkland, 2008WL440287 (E.D. Ky. 2008) (unpublished) (*citing* Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) for proposition that police departments are not independent legal entities which may be sued).

C. Official Capacity Claims Must Be Dismissed

While Plaintiff has not named the LFUCG as a defendant, it is noted that she has brought claims against Officer Chelf and Officer Voll in their official capacity. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. Matthews, supra, 35 F.3d at 1049, *citing* Will v. Michigan Dept. of State Police, 491 U.S. 58, 68 (1989). Thus, defendants construe Plaintiff's official capacity claims to be asserted directly against the LFUCG.[1]

A municipality cannot be held liable under Section 1983 based solely upon alleged misconduct by an employee. Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997). For this reason, a plaintiff must

---

[1] The Complaint does not allege facts which would support an inference that Officers Chelf and/or Voll are policy-making officials for LFUCG. See Fitch v. Kentucky State Police, 2010WL4670440, *5 (E.D.Ky. 2010) (unpublished) (dismissing *Ex Parte Young* official capacity claims against commercial motor vehicle inspector as not being an official policy maker for his employing entity). As such, the municipal liability claim cannot proceed on a theory based solely on the allegations against the Officers contained in the Complaint.

3

identify a specific municipal policy or custom that allegedly caused the complained-of-injury. Id. at 403. See Blaine v. Louisville Metro Government, 2014WL321142, 2 (W.D.Ky. 2014) (unpublished) (holding in order to survive dismissal, municipal liability claim must identify alleged unconstitutional policy, demonstrate governmental responsibility for policy, and establish a causal connection between policy and alleged harm). See also Johnson v. Metropolitan Government of Nashville and Davidson County, 2010WL3619790 (M.D. Tenn. 2010) (unpublished) (applying Iqbal and dismissing various municipal liability claims under hiring, failure to train and policy and custom theories due to lack of specific supporting factual allegations).

The Complaint premises its allegations of municipal liability in this case as follows: "the failure. . . . to properly train, supervise, and control their employees amounted to a deliberate indifference to the rights of the citizens of Lexington, thereby creating and establishing unconstitutional policies and customs that caused, contributed to, allowed, encouraged, or endangered the safety and constitutional rights of Warren." [RE 1, para. 44, p. ID # 10]. This allegation identifies no specific policy or custom of the LFUCG or how such policy custom caused alleged harm to Plaintiff. Broad, non–specific allegations have been held insufficient in this District to allow municipal liability claims to proceed. See Kustes v. Lexington-Fayette Urban County Government, 2013WL4776343 (E.D.Ky. 2013) (unpublished), and Vidal v. Lexington-Fayette Urban County Government, 2014 WL 4418113 (E.D.Ky. 2014) (unpublished). LFUCG respectfully submits that Plaintiff's allegations fail to satisfy the Iqbal pleading standard and therefore should be dismissed. For this reason, Plaintiff's federal official capacity claims against Chelf and Voll must be dismissed.

4

Likewise, with respect to Plaintiff's official capacity state law claims, "[w]hen an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled. . ." Yanero v. Davis, 65 S.W.3d 510, 522 (Ky. 2001). LFUCG possesses the immunity of a county under the laws of the Commonwealth of Kentucky for common law negligence claims whether asserted under a primary or vicarious theory of recovery. See Lexington-Fayette Urban County Government v. Smolcic, 142 S.W.3d 128, 132-3 (Ky. 2004) (upholding on immunity grounds dismissal of LFUCG from personal injury action of pedestrians struck by vehicle while crossing road); Phillips v. Lexington-Fayette Urban County Government, 331 S.W.3d 629, 632 (Ky.App. 2010) (holding claims premised upon *respondeat superior* asserted against LFUCG are barred by sovereign immunity). Plaintiff has failed to assert a viable state law claim that can withstand the bar of sovereign/governmental immunity. Dismissal is therefore appropriate.

D.  Officer Voll Should Be Dismissed As A Defendant In His Individual Capacity

In order to survive the pleading standard necessary to state a constitutional claim against a government official, a plaintiff must plead specific facts that would lead to an inference that each named official independently engaged in unconstitutional conduct. See Iqbal, supra, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Review of the Complaint does not satisfy this standard with respect to Officer Voll. Plaintiff's allegations of fact allege that she was arrested by Officer Chelf, not Officer Voll. Plaintiff has failed to allege any facts to demonstrate how Officer Voll's presence

5

or activities at the scene violated any federal civil right, or could establish a state tort action. To the extent Plaintiff is alleging that Officer Voll's presence at the scene is the basis for her claims against him, Officer Voll asserts that he would be entitled to qualified immunity for such a novel claim. See Saucier v. Katz, 533 U.S. 194 (2001) (discussing two-step analysis of qualified immunity with the first prong addressing whether facts alleged support a constitutional violation and second prong determining whether right is clearly established). Dismissal of all claims against Officer Voll is therefore appropriate.

E. Officer Chelf, Individually, Is Entitled To Partial Dismissal Of The Complaint

    1. Dismissal Of Federal Claims Other Than Fourth Amendment

Count I of the Complaint asserts claims under the federal and Kentucky [2]Constitutions. The Complaint makes reference to several purported rights to include the right to be free from unreasonable seizure, the right to due process, right to privacy, right to be free from unlawful physical abuse, and cruel and unusual punishment. [RE 1, para. 37, page ID # 9]. However, the gist of Plaintiff's claim is that Officer Chelf arrested her without probable cause.

To the extent the Complaint asserts a claim which sounds in unlawful seizure (i.*e*., false imprisonment), this claim is not viable under a due process theory of recovery. See Albright v. Oliver, 510 U.S. 266, 274 (1994) (allegation of civil rights violations sounding in pretrial deprivations of liberty must be asserted under the Fourth Amendment). See also Fitch, supra, at 2010WL4670440, *7 (dismissing Sixth Amendment claim under factual scenario arising from alleged arrest without probable cause under Albright); Colebrook v. Kentucky Dept. Of Motor Vehicle Enforcement,

---

[2] Kentucky does not recognize money damage claims for violation of the Kentucky Constitution. See St. Luke Hosp., Inc. v. Straub, 354 S.W.3d 529 (Ky. 2011)

2010WL4979072, *6 (E.D.Ky. 2010) (unpublished) (dismissing claims asserted under Eighth Amendment arising from allegations surrounding arrest and use of force during arrest). Accordingly, Officer Chelf submits that all claims concerning Plaintiff's arrest asserted under other than the Fourth Amendment should be dismissed for failure to state a claim.

    2. Dismissal Of False Arrest Claim As Duplicative Of False Imprisonment Claim

Count II and Count III of the Complaint assert state law claims sounding in false arrest and false imprisonment. Both claims are premised upon Plaintiff's arrest allegedly without probable cause. [RE 1, paras. 46, 50, p. ID # 11]. Under Kentucky law, claims of the nature asserted by Plaintiff are considered under the rubric of false imprisonment. See Dunn v. Felty, 226 S.W.3d 68, 71 (Ky. 2007) ("From this point forward, realizing that every confinement of a person is an imprisonment, whether it occurs in a prison or a house, we shall refer to the torts of false imprisonment and false arrest together as false imprisonment."). As such, Plaintiff's claim for false arrest is redundant and should be dismissed.

    3. Plaintiff's Claim For IIED Fails To State A Viable Claim For Relief

Under Kentucky law, when a defendant's alleged conduct amounts to commission of one of the traditional torts for which recovery for emotional distress is allowed, and the conduct was not intended solely to cause extreme emotional distress to the victim, the tort of Intentional Infliction of Emotional Distress (IIED) (a/k/a outrage) will not lie. Rigazio v. Archdiocese of Louisville, 853 S.W.2d 295, 298-9 (Ky. App. 1993). See also Banks v. Fritsch, 39 S.W.3d 474 (Ky. App. 2001) (disallowing claim for outrage where claim for false imprisonment and assault was properly stated). Specifically, IIED is a "gap filler"

7

that will not lie when a plaintiff could have asserted a claim under a traditional theory of tort that allows for recovery of emotional distress. See e.g., Cissell v. KFC Corp., 2007WL3227571 *2 (Ky.App. 2007) (unpublished). Plaintiff's allegations fall under the traditional theories of tort sounding in false imprisonment. The IIED claim should therefore be dismissed.

    4. Plaintiff's Negligence Claims Fail To Sate A Viable Claim For Relief

Plaintiff's negligence claims should be summarily rejected because the factual allegations set forth in the Complaint sound in intentional tort. Therefore, such allegations fail to adequately assert a claim sounding in negligence. See Durmov v. University of Kentucky, 2013WL488976, *2 (E.D.Ky. 2013) (unpublished slip opinion) (dismissing negligence claims pled in conjunction with intentional tort theories arising from an arrest). See also Greene v. Commonwealth, 349 S.W.3d 892, 905 (Ky. 2011) (holding claimant could not pursue a claim for negligence before the Board of Claims premised upon facts sounding in intentional conversion); Childers v. Geile, 367 S.W..3d 576 (Ky. 2012) (holding plaintiff cannot pursue claim for negligence and IIED under same set of facts).

## CONCLUSION

For all of the foregoing reasons, the Court should grant the relief requested herein.

Respectfully submitted,

s//Roger G. Wright
Roger G. Wright
M. Keith Horn
LFUCG Dept. of Law
200 East Main Street, 11th Floor
Lexington, Kentucky 40507
(859) 258-3500/(859) 258-3466- Fax
rwright3@lexingtonky.gov
mhorn@lexingtonky.gov
Counsel for Defendants LFUCG Police Department,
City of Lexington, Officer Chelf and Officer Voll

CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I filed a true and correct copy of the foregoing document electronically using the Court's ECF system, which will serve an electronic copy on the following counsel of record: Hon. Jessica Winters. I further certify that a true and accurate copy of the foregoing was mailed via first-class mail, postage prepaid to the following:

SKO-Lexington Services LLC
300 West Vine St., Ste. 2100
Lexington, KY 40507

s//Roger G. Wright

9