UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| FATIMA WARREN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 16-140-DCR |
| ) | |
| V. ) | |
| ) | |
| LEXINGTON-FAYETTE URBAN ) | **MEMORANDUM OPINION** |
| COUNTY GOVERNMENT, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action arises from an arrest which Plaintiff Fatima Warren claims was unlawful. Warren brings claims against Defendants Lexington Fayette Urban County Government ("LFUCG") and Lexington Police Officers Brian Voll and Tyler Chelf in their official and individual capacities. In her Amended Complaint, Warren raises federal claims pursuant to § 1983 and related state claims under Kentucky law. *Id.*

The matter is pending for consideration of the Defendants' motion to dismiss a number of the claims raised in Warren's Amended Complaint. [Record No. 14] The Defendants argue that: (i) municipal liability cannot be imposed on LFUCG; (ii) the claims against the officers in their official capacity are inappropriate; and (iii) the state law claims for intentional and negligent infliction of emotional distress are meritless. *Id.* at 2. For the reasons outlined below, the Defendants' motion will be granted, in part. The Plaintiff's claims against LFUCG and the officers in their individual capacity alleging a Fourth Amendment violation and asserting false imprisonment remain pending.

**I.**

On November 21, 2015, Warren went to Platinum Dolls in Lexington, Kentucky. She contends she was not intoxicated when she arrived and did not consume alcohol at the club. [Record No. 12, ¶¶ 12, 13] Warren was involved in a confrontation with the establishment's security personnel that ended in her being forcibly removed from the premises. [*Id.*, ¶ 16] Following this incident, she called 911 to report an assault and to request assistance. [*Id.*, ¶ 18.] Officers Brian Voll and Tyler Chelf responded to the call. Upon their arrival, the officers took Warren's statement regarding the incident. [*Id.*, ¶ 19] The officers did not ask Warren whether she had been drinking or otherwise evaluate her level of intoxication by conducting objective tests. Likewise, Warren was not in possession of alcohol nor was there any alcohol in the surrounding area. [*Id.*, ¶ 20]

Once the officers obtained Warren's statement, one discussed the incident with Platinum Dolls' security personnel. [*Id.*, ¶ 21] During this discussion, a security guard reported that Warren had assaulted him in response to his attempts to escort her from the club, requiring that he forcibly remove her from the premises. [*Id.*, ¶ 28] Although the report concluded that Warren's action constituted fourth degree assault, it does not indicate that the conduct was caused by intoxication. Instead, the report specifically states that the incident was neither alcohol- nor drug-related. [*Id.*, ¶¶ 28, 29] After obtaining the statements, the officers conferred and decided to arrest Warren on a charge of alcohol intoxication in a public place. [*Id.*, ¶ 23][1] Officer Chelf advised the Plaintiff that she was under arrest and placed her in handcuffs. Warren cooperated with the officers and entered the police vehicle at their request.

---

[1] Warren acknowledges that the police report indicates that the arrest was for a charge of alcohol intoxication in a public place, which is prohibited by KRS § 222.202. [Record No. 23, p. 3].

-2-

[*Id*. ¶¶ 23-25]  Once inside the vehicle, the officers informed Warren that she was being arrested for public intoxication.  [*Id*., ¶ 26]

Warren spent eight hours in jail before being released on bail.  [*Id*., ¶¶ 31, 33]  Upon release, she was treated at a local hospital for injuries received during the incident and then called the police to report a physical assault by Platinum employees.  [*Id*., ¶ 32]  The police report indicates that Warren had bruising on her wrists and complained of pain in her knees, back, head, and neck.  [*Id*.]  Ultimately, the charge for alcohol intoxication in a public place was dismissed. [*Id*., ¶ 33]

Warren's Amended Complaint contains five counts against LFUCG and against Officers Voll and Chelf in their individual and official capacities.  [*Id*., pp. 7-13]  In Count I, Warren brings a § 1983 claim against all defendants based on constitutional violations arising from the alleged unlawful arrest, citing violations of the Fourth Amendment right to be free from unreasonable seizures, the Due Process Clause, and the Eighth Amendment right to be free from cruel and unusual punishment.  [*Id*., ¶ 36]  It appears that Warren brings this claim against Officers Voll and Chelf in their individual and official capacities, and against LFUCG on a theory of deliberate indifference based on the municipality's alleged failure to adequately train its police officers.  [*Id*., ¶¶ 39-44]  Warren also asserts state tort claims against Officers Voll and Chelf in Counts II, V, and VIII, alleging false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress, respectively.  [*Id*., pp. 9-13]

## II.

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the Complaint need not contain "detailed factual allegations" to survive a motion to dismiss, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Further, in considering a Rule 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). However, the Court is not required to accept as true legal conclusions that are presented as factual allegations if those conclusions cannot be plausibly drawn from the facts alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that, in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Accordingly, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. 2009).

### III.

A.   **Federal Claims – Count I**

**Non-Fourth Amendment Claims**

Warren asserts claims against all of the defendants for violations of her constitutional rights to due process of law and of her Eighth Amendment right to be free from cruel and unusual punishment, each arising out of the allegedly unlawful arrest. As the defendants correctly argue, however, claims relating to an unlawful arrest are more appropriately brought under the Fourth rather than the Fifth or Fourteenth Amendment. *See Vidal v. Lexington Fayette Urban County Gov't*, No. 5: 13-117-DCR, 2014 WL 4418113, at *4 (E.D. Ky. Sept. 8, 2014) (citing *Albright v. Oliver*, 510 U.S. 266 (1994) ("[S]ubstantive due process does not extend to claims for false arrest and . . . such claims are properly brought under the Fourth Amendment.). Similarly, the Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). Accordingly, the Eighth Amendment's protections do not apply where, as here, the individual has not been subject to a criminal prosecution. Warren's constitutional claims against the defendants must then be raised under the Fourth Amendment, and those that are not are dismissed.

**Fourth Amendment Claims**

Based on the alleged unlawful arrest, Warren brings a claim under § 1983 against LFUCG for violating her Fourth Amendment right to be free from unreasonable seizures. Generally, a municipality cannot be held liable for an employee's unconstitutional action. Instead, the plaintiff must demonstrate that the municipality itself took an unconstitutional action that directly caused her injury. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817

(1985); *Doe v. Clairborne Cnty., Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996) ("[R]espondeat superior is not available as a theory of recovery under section 1983.").

But a plaintiff may establish municipal liability by showing that the municipality adopted a policy that caused its employees to take an unconstitutional action. *See Tuttle*, 471 U.S. at 817. To impose municipal liability on the basis of a policy, a plaintiff must identify the particular policy and describe how that policy caused the violation of the plaintiff's constitutional rights. *Kustes v. Lexington-Fayette Urban Cnty. Gov't*, No. 5: 12-323-KKC, 2013 WL 4776343, at *5 (E.D. Ky. Sept. 3, 2013). Where the alleged policy involves inaction or deliberate indifference, such as a failure to train, the plaintiff must allege: "(i) a 'clear and persistent pattern' of unconstitutional conduct; (ii) the municipality's 'notice or constructive notice' of that conduct; (iii) its 'tacit approval' of the conduct; and (iv) that the policy of inaction was the 'moving force' behind the constitutional deprivation." *Mitchell v. Mike*, No. 5: 14-301-DCR, 2015 WL 6675549, *6 (E.D. Ky. Oct. 30, 2015) (quoting *Doe*, 103 F.3d at 508).

For a failure to train claim to survive a motion to dismiss, a plaintiff must do more than vaguely allege that police officers are not adequately trained. For example, in *Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, the plaintiff merely stated that the defendant "failed to adequately train its officers in stopping vehicles and/or ordering passengers out of those vehicles in disregard of their disabilities or injuries." 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010). Because the plaintiff failed to provide any further support for the allegation, the court dismissed the claim, concluding that it did not satisfy *Iqbal* pleading requirements. *Id*. Similarly, in *Mitchell* the plaintiff merely alleged that the municipality "was deliberately indifferent to its police officers' need for training about interaction with citizens who have

-6-

been handcuffed and are in police custody." No. 5: 14-301-DCR, 2015 WL 6675549, at *6 (E.D. Ky. Oct. 30, 2015). Because the plaintiff failed to identify a particular policy, the claim did not satisfy the pleading requirements sufficient to survive a motion to dismiss. *Id.*

Here, the municipal policy that the plaintiff asserts caused the deprivation of her constitutional rights is its failure to adequately train police officers in arresting individuals for public intoxication. Unlike the plaintiffs in *Mitchell* and *Hutchison*, however, Warren specifically identifies a municipal policy. She contends that "LFUCG has instituted a policy or policies that permit its Officers to arrest individuals for the offense of public intoxication without first requiring any evidence of intoxication . . . such as the presence of intoxication-inducing substances on the scene of an arrest or the smell of intoxicating substances on the breath of a suspect prior to arrest[] . . . ." [Record No. 12, ¶ 43] This assertion is distinguishable from those in *Mitchell* and *Hutchison* in that it goes beyond a mere vague accusation that the municipality failed to train its officers. Instead, it directly identifies a particular deficiency: the municipality fails to train or require its officers to obtain objective evidence of intoxication before conducting arrests for alcohol intoxication in a public place.

And consistent with the holding in *Mitchell*, the plaintiff identifies a pattern of unconstitutional conduct. Warren alleges LFUCG was aware of the unconstitutional conduct of the officers and the result of LFUCG's inadequate training. Specifically, she alleges that this policy has led to a pattern of unconstitutional conduct, stating that the policy results in "numerous wrongful arrests for public intoxication . . . by LFUCG Officers each year," and that LFUCG is aware of this pattern "but continues to maintain the aforementioned policies to train its Officers, including Officers Voll and Chelf, in accordance with these policies." [*Id.*] Warren contends that LFUCG's policy amounts to deliberate indifference of citizens'

constitutional right to be free from unreasonable seizures. [*Id*.]. Additionally, she alleges that this policy was the moving force behind her unconstitutional arrest. [*Id*., ¶44] Specifically, she asserts that the municipality has a policy of failing to train or require its officers to establish objective evidence of intoxication before conducting an arrest on this basis, and that the officers' failure to determine that she was intoxicated before arresting her was the direct result of this policy. [*Id*.] Thus, Warren alleges, the municipality's policy caused the violation of her Fourth Amendment right to be free from arrests without probable cause. [*Id*.] Based on the foregoing, the Defendants' motion to dismiss this claim will be denied.

Warren also brings claims against Officers Voll and Chelf under §1983 for allegedly violating her Fourth Amendment rights while acting in their official capacities. However, a suit against an individual in an official capacity is only appropriate if the person qualifies as an official policy maker. *See Fitch v. Kentucky State Police*, No. 3: 10-49-DCR, 2010 WL 4670440, at *5 (E.D. Ky. Nov. 10, 2010). Whether an individual is an official policy maker is a question of state law, but resolution of the issue ultimately depends on whether the individual "had final policymaking authority . . . ." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). Here, there is no allegation that Officers Voll and Chelf possessed final policymaking authority. *See Fitch*, No. 3: 10-49-DCR, 2010 WL 4670440, at *5 (citing *Swagler v. Harford County*, 2009 WL 1575326, *9 (D. Md. Jun. 2, 2009) and *Lytle v. Gilmore*, 77 F. Supp. 2d 730, 741-42 (E.D. Va. 1999), which both dismissed official capacity claims against police officers after concluding that they were not official policy makers). Accordingly, Warren cannot maintain a suit against the officers in their official capacities and those claims will be dismissed.

B.     **State Claims – Counts V and VIII**

While the tort of intentional infliction of emotional distress is generally available only when a plaintiff is unable to obtain an adequate remedy through a more traditional tort, it "is still a permissible cause of action . . . as long as the defendants solely intended to cause extreme emotional distress." *Green v. Floyd Co., Ky.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011) (citing *Brewer*, 15 S.W.3d at 7-8). To establish a claim for intentional infliction of emotional distress, a plaintiff must demonstrate that the wrongdoer's conduct was intentional or reckless, and that the conduct was "so extreme in degree[] as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Runkle v. Fleming*, 558 F. App'x 628, 634 (6th Cir. 2014).

To satisfy pleading requirements for this claim, the plaintiff must plead facts that suggest the plausibility of the claim. Bare conclusory recitation of the elements of the cause of action not sufficient. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. In this case, Warren fails to meet the pleading requirements, as she does no more than recite the elements of the tort: she merely describes the Defendants' conduct as "outrageous and utterly intolerable in a civilized society," and state that it was done "with the intent to cause physical injury and emotional distress or. . . with a reckless disregard of the probability of causing physical injury and emotional distress to Warren." [Record No. 12, ¶¶ 56-58] At no point does she allege facts in support of these mere restatements of the elements of the cause of action. Warren does not allege facts suggesting that the officers intended to cause her emotional distress, nor does she allege facts suggesting that the officers' conduct was outrageous and intolerable. [*See id*.] Her conclusory assertion is the type of pleading that *Twombly* and *Iqbal* made clear does not

state a claim upon which relief may be granted. Accordingly, Warren's claim for intentional infliction of emotional distress will be dismissed.

Warren also brings a claim against the defendants for negligent infliction of emotional distress. Pleading this claim requires that the plaintiff assert the "recognized elements of a common law negligence cause of action: (1) the defendant owed a duty of care to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). Further, the plaintiff must demonstrate "a 'severe' or 'serious' emotional injury," which "occurs where a reasonable person, normally constituted, would not be expected to endure the mental stress engendered by the circumstances of the case." *Id.*

Warren's allegation of negligent infliction of emotional distress suffers from the same pleading deficiencies as those of her claim for intentional infliction of emotional distress. While she is permitted to plead claims in the alternative and need not elect between an intentional and negligent claim, this claim is still subject to pleading requirements. Accordingly, Warren must allege facts that make her claim plausible, rather than merely recite the elements of the cause of action. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Warren merely recites the elements of the cause of action, stating that the defendants "were reckless and/or grossly negligent in their course of conduct" and that "[a]s a direct, proximate, and foreseeable result of the aforementioned reckless or grossly negligent conduct" of the Defendants, "Warren suffered and continued to suffer severe emotional distress." [Record No. 12, ¶¶ 66-67] While she reports going to the hospital for treatment, Warren nowhere alleges facts suggesting a severe or serious emotional injury, that the officers' conduct was extreme or outrageous, or that their unreasonable behavior caused her injury, as the claim

requires. [*See id*., ¶ 32] Accordingly, her claim for negligent infliction of emotional distress will be dismissed.

### IV.

While Warren has stated a claim against LFUCG for municipal liability under § 1983, she may not proceed with this claim against Officers Voll and Chelf in their official capacities. Likewise, Warren fails to state claims under the Due Process Clause and Eight Amendment. Further, Warren fails to state claims against the defendants for intentional infliction of emotional distress and negligent infliction of emotional distress under Kentucky law. Accordingly, it is hereby

**ORDERED** as follows:

1. The motion to dismiss filed by the Defendants [Record No. 14] is **GRANTED**, in part, and **DENIED**, in part.

2. Plaintiff's claims under the Due Process Clause and Eight Amendment are **DISMISSED** with prejudice.

3. Plaintiff's claims against Officers Voll and Chelf in their official capacity are **DISMISSED** with prejudice.

4. Plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress claims against all Defendants are **DISMISSED** with prejudice.

5. The Defendants' motion to dismiss claims for a Fourth Amendment violation asserted under §1983 by Plaintiff Warren against LFUCG is **DENIED**.

-12-

This 24th day of August, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge